tion presented in this writ is far more basic in nature: Was relator entitled to an appeal? He has alleged that he asked his lawyers to lodge an appeal. The appeal was not lodged. An evidentiary hearing should be had to determine whether in fact relator actively, continually expressed his desire for appellate review notwithstanding counsel's advice and counsel refused to perfect the appeal, or whether relator did in fact acquiesce in his attorneys' advice and thereby waive his right to appeal.

jurisdiction. The City Courts are not empowered to issue writs of habeas corpus.

See: Louisiana Constitution Article VII, Sections 2 and 51. See also: Louisiana Code of Criminal Procedure, Articles 352 and 353 and the Preliminary Statement to Title IX thereof.

239 So.2d 353

**In re State In the Interest of Wilmer GARRISON, III.**

**No. 50846.**

Sept. 25, 1970.

239 So.2d 352

**STATE of Louisiana ex rel. William James HART, Jr.**

**v.**

**CITY OF MONROE et al.**

**No. 50867.**

Sept. 25, 1970.

PER CURIAM:

Writ denied. No showing is made to warrant the exercise of our supervisory

Writ denied. The return of the Juvenile Court shows that applicant has been released on parole. The matter before us is moot.